**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3264

_____

SURENDER MALHAN; MARYANN PETRI; MICHAEL VOLPE,
Appellants

v.

CHRISTINE N. BEYER, Commissioner of New Jersey Dept. of Children and Families;
HEIDI W. CURRI; DAVID KATZ; PETER J. MELCHIONNE; ATTORNEY
GENERAL NEW JERSEY; JOHN DOES 1 THROUGH 10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-22-cv-06353)
District Judge: Hon. Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 4, 2024

Before: KRAUSE, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: December 30, 2024)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge.*

Appellants Surender Malhan, Maryann Petri, and Michael Volpe appeal the dismissal with prejudice of their First Amendment challenge to two state court orders. Seeing no substantive error in the District Court dismissing their claims but a technical one in its failure to do so without prejudice, we will vacate and remand for entry of a corrected order.

The District Court's dismissal was premised, among other things, on its conclusion that it lacked subject matter jurisdiction because all Appellees are shielded by sovereign immunity under the Eleventh Amendment, judicial immunity, or quasi-judicial immunity. Although that conclusion was itself fatal to Appellants' claims, they failed to address immunity at all in their opening brief on appeal and thus forfeited any opposition. That is because "consistent with Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, . . . [an] opening brief must set forth and address each argument the appellant wishes to pursue in an appeal." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017). Where the brief does not do so, "appellants simply [have] not appeal[ed] the district court's conclusion[,] . . . and thus we do not consider [the] issue."[1] *Daggett v. Kimmelman*, 811 F.2d 793, 795 n.1 (3d Cir.

---

[1] Although we may "reach a forfeited issue in civil cases [in] truly exceptional circumstances," that "narrow" exception is inapplicable here. *Barna*, 877 F.3d at 147 (internal quotation and citation omitted); *see also id.* (explaining "exceptional circumstances" exist where "refusal to reach the issue would result in a miscarriage of justice" or "manifest injustice" would result). Even in their reply brief, Appellants do not engage the substance of the District Court's immunity analysis or ask the panel to look past their forfeiture.

1987).  In view of Appellants' forfeiture here, we will not disturb the District Court's immunity rulings and consequent dismissal for lack of subject matter jurisdiction.

Nonetheless, there was a small but significant error in the order of dismissal. When a court dismisses a case for lack of subject matter jurisdiction, the "res judicata effect" of such a decision "is limited to the question of jurisdiction," and, because it is not an adjudication on the merits, "[t]he disposition of such a case [should] . . . be without prejudice." *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997) (internal quotation and citation omitted).  Where, as here, the district court instead has dismissed the case "with prejudice," we generally "follow the dictates of our case law in the interest of clarity and consistency, and . . . require the District Court to amend its order." *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999). We do so here and will vacate and remand for that limited purpose.

For the foregoing reasons, we will vacate the District Court's order of dismissal and remand for the limited purpose of entering such order without prejudice.